IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND; and CHARLES A. WHOBREY, as Trustee, | ) ) ) ) | |
| *Plaintiffs*, | ) ) | Case No. 21-cv-4290 |
| v. | ) ) | Judge |
| MIDWESTERN SANITATION COMPANY, a Michigan corporation, | ) ) ) ) | Magistrate Judge |
| *Defendant*. | ) | |

**COMPLAINT**

Plaintiffs Central States, Southeast and Southwest Areas Pension Fund and Charles A. Whobrey, one of its present trustees, for a cause of action against Defendant allege as follows:

**JURISDICTION AND VENUE**

1. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA"), 29 U.S.C. § 1001 *et seq*., and is a suit to recover employer contributions owed to Plaintiff Central States, Southeast and Southwest Areas Pension Fund (the "Pension Fund") by Defendant in accordance with applicable collective bargaining and participation agreements and the Pension Fund's Trust Agreement ("Trust Agreement"), and to recover withdrawal liability owed as a result of Defendant's withdrawal from the Pension Fund.

2. This Court has jurisdiction over this action under sections 502(e), 502(f), and 4301(c) of ERISA, 29 U.S.C. §§ 1132(e), 1132(f), and 1451(c).

3. Venue lies in this Court under sections 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. §§ 1132(e)(2) and 1451(d), in that the Pension Fund is an "employee benefit plan" as that term is

defined in ERISA and is administered at its principal place of business in Chicago, Illinois. Venue is also proper in this Court pursuant to the forum selection clause contained in the Trust Agreement which designates this district as the appropriate forum for lawsuits to collect delinquent contributions and withdrawal liability.

## PARTIES

4. The Pension Fund is a multiemployer pension plan within the meaning of sections 3(37) and 4001(a)(3) of ERISA, 29 U.S.C. §§ 1002(37) and 1301(a)(3).

5. The Pension Fund is primarily funded by contributions remitted by multiple participating employers pursuant to negotiated collective bargaining agreements with local unions affiliated with the International Brotherhood of Teamsters ("IBT") on behalf of employees of those same employers. All principal and income from such contributions and investments thereof is held and used for the exclusive purpose of providing pension benefits to participants and beneficiaries of the Pension Fund and paying the administrative expenses of the Pension Fund.

6. Plaintiff Charles A. Whobrey is a present trustee and fiduciary of the Pension Fund within the meaning of section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and he and his fellow trustees are the plan sponsor of the Pension Fund within the meaning of section 4001(a)(10) of ERISA, 29 U.S.C. § 1301(a)(10). The Trustees administer the Pension Fund at 8647 West Higgins Road in Chicago, Illinois.

7. Pursuant to sections 502(a)(3) and 4301(a)(1) of ERISA, 29 U.S.C. § 1132(a)(3) and 1451(a)(1), the Trustees, by and through their designated trustee Charles A. Whobrey, are authorized to bring this action on behalf of the Pension Fund, its participants, and beneficiaries for the purpose of collecting employer contributions and withdrawal liability.

8. Defendant Midwestern Sanitation Company ("Midwestern Sanitation") is a corporation organized under the laws of the State of Michigan.

9. Midwestern Sanitation is an "employer" and a "party-in-interest" as those terms are defined by sections 3(5) and 3(14)(C) of ERISA, 29 U.S.C. §§ 1002(5) and 1002(14)(C).

## BACKGROUND INFORMATION

10. Local Union No. 247 ("Local 247") of the IBT is a labor organization which represented, for the purpose of collective bargaining, certain employees of Midwestern Sanitation and employees of other employers in industries affecting interstate commerce.

11. During all relevant times, Midwestern Sanitation and Local 247 were parties to collective bargaining agreements (the "CBA") pursuant to which Midwestern Sanitation was required to make contributions to the Pension Fund on behalf of certain of its employees.

12. Midwestern Sanitation and Local 247 were also parties to a Participation Agreement which required Midwestern Sanitation to pay contributions to the Pension Fund.

13. Midwestern Sanitation agreed to be bound by the terms of the Trust Agreement and all rules and regulations promulgated by the Trustees under said Trust Agreement.

14. Under the Trust Agreement, Midwestern Sanitation was required to "remit continuing and prompt Employer Contributions to the [Pension Fund] as required by the applicable collective bargaining agreement . . ."

15. Article XIV, Section 4 of the Trust Agreement provides that:

> Non-payment by an Employer of any moneys due shall not relieve any other Employer from its obligation to make payment. In addition to any other remedies to which the parties may be entitled, an Employer shall be obligated to pay interest on any Employer Contributions due to the Trustees from the date when the payment was due to the date when the payment is made, together with all expenses of collection incurred by the Trustees, including, but not limited to, attorneys' fees and such fees for late payment as the

> Trustees determine and as permitted by law. The interest payable by an Employer with respect to past due Employer Contributions (other than withdrawal liability) prior to the entry of a judgment, shall be computed and charged to the Employer (a) at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which the interest is charged, *or* (b) at an annualized interest rate of 7.5% (whichever is greater). The prejudgment interest payable by an employer with respect to past due withdrawal liability shall be computed and charged to the Employer at an annualized interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which the interest is charged. Any judgment against an Employer for Employer Contributions owed to this [Pension Fund] shall include the greater of (a) a doubling of the interest computed and charged in accordance with this section or (b) single interest computed and charged in accordance with this section plus liquidated damages in the amount of 20% of the unpaid Employer Contributions. The interest rate after entry of a judgment against an Employer for Employer Contributions (other than withdrawal liability) shall be due from the date the judgment is entered until the date of payment, shall be computed and charged to the Employer on the entire judgment balance (a) at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which the interest is charged, *or* (b) at an annualized rate of 7.5% (whichever is greater), and such interest shall be compounded annually. The interest rate after entry of a judgment against an employer for withdrawal liability shall be due from the date the judgment is entered until the date of payment, shall be computed and charged to the Employer on the entire judgment balance at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JP Morgan Chase Bank, NA for the fifteenth (15th) day of the month for which the interest is charged, and such interest shall be compounded annually.

16. The Pension Fund relies upon participating employers to self-report the work history of eligible employees. The self-reporting system requires participating employers to identify those employees for whom contributions are owed and requires the employers to identify the weeks worked by the covered employees. Based upon the employee work history reported by the employers, the Pension Fund bills the employers for contributions.

17. Under this self-reporting system, participating employers initially establish a base group of employees for whom contributions are due. Thereafter, the employer is required to notify the Pension Fund on a monthly basis of any changes in the employment status of individuals covered by the CBA (e.g., layoffs, new hires, terminations, etc.). The Pension Fund relies upon these reports submitted by employers to prepare a monthly contributions bill that is sent to the employer. If no changes are reported by the employer, the Pension Fund assumes that the same employees are still working and bills the employer accordingly.

## STATUTORY AUTHORITY

18. Section 515 of ERISA, 29 U.S.C. § 1145, provides:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

19. Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), provides:

> In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan --
>
> (A) the unpaid contributions,
>
> (B) interest on the unpaid contributions,
>
> (C) an amount equal to the greater of--
>
> > (i) interest on the unpaid contributions, or
> >
> > (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
>
> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and

(E) such other legal or equitable relief as the court deems appropriate.

For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of Title 26.

## COUNT I – <br> DELINQUENT CONTRIBUTIONS SINCE MARCH 31, 2019

20. Plaintiffs hereby reallege and incorporate each and every allegation made in paragraphs 1 through 19 of this Complaint as though fully set forth herein.

21. This Count I is brought to recover employer contributions and interest owed to the Pension Fund by Midwestern Sanitation for the period of March 31, 2019 through November 30, 2019 and for the period of April 26, 2020 through December 31, 2020, in accordance with the provisions of ERISA, the CBA, the Participation Agreement, and the Trust Agreement.

22. Midwestern Sanitation reported the work history of its covered employees to the Pension Fund for the period of March 31, 2019 through October 31, 2020, but failed to report the work history of its covered employees to the Pension Fund for the period of November 1, 2020 through December 31, 2020.

23. Accordingly, the Pension Fund assumes that the covered employees reported to the Pension Fund by Midwestern Sanitation for the period of September 27, 2020 through October 31, 2020 continued to perform work for Midwestern Sanitation during the period of November 1, 2020 through December 31, 2020.

24. Based upon the employee work history reported to the Pension Fund by Midwestern Sanitation for the period of March 31, 2019 through October 31, 2020, and based also upon the assumption that the covered employees reported to the Pension Fund by Midwestern Sanitation for the period of September 27, 2020 through October 31, 2020 continued to perform work for

Midwestern Sanitation during the period of November 1, 2020 through December 31, 2020, Midwestern Sanitation has breached the provisions of ERISA, the CBA, the Participation Agreement, and the Trust Agreement by failing to pay all of the contributions (and interest due thereon) owed to the Pension Fund for the period of March 31, 2019 through November 30, 2019, and for the period of April 26, 2020 through December 31, 2020.

25. Despite demands that Midwestern Sanitation perform its statutory and contractual obligations with respect to making contributions to the Pension Fund, Midwestern Sanitation has neglected and refused to pay the amounts that are due as a consequence of the conduct set forth in paragraph 24.

26. Midwestern Sanitation owes the Pension Fund $52,800.70 for unpaid contributions (not including interest) for the period of March 31, 2019 through November 30, 2019, and $45,591.80 for unpaid contributions (not including interest) for the period of April 26, 2020 through December 31, 2020, as a result of the conduct set forth in paragraph 24.

**WHEREFORE**, Plaintiffs Central States, Southeast and Southwest Area Pension Fund and Charles A. Whobrey, Trustee, request the following relief:

(a) A judgment against Defendant and in favor of Plaintiffs, pursuant to section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), for:

    (i) the unpaid contributions owed to the Pension Fund for the period of March 31, 2019 through November 30, 2019 and for the period of April 26, 2020 through December 31, 2020, based upon the employee work history reported by Midwestern Sanitation (for the period of March 31, 2019 through October 31, 2020);

      (ii)    interest on the unpaid contributions computed and charged at the greater of: (a) an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which the interest is charged, *or* (b) an annualized interest rate of 7.5%;

      (iii)    an amount equal to the greater of interest on the unpaid contributions or liquidated damages of 20% of the unpaid contributions; and

      (iv)    attorney's fees and costs;

(b)    Post-judgment interest computed and charged on the entire balance of the judgment at the greater of (i) an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which the interest is charged, *or* (ii) at an annualized interest rate of 7.5%, and with said interest to be compounded annually; and

(c)    Such further or different relief as this Court may deem proper and just.

## COUNT II –
## DELINQUENT CONTRIBUTIONS PRE – SEPTEMBER 13, 2017

27.    Plaintiffs hereby reallege and incorporate each and every allegation made in paragraphs 1 through 19 of this Complaint as though fully set forth herein.

28.    This Count II is brought to recover employer contributions and interest owed to the Pension Fund by Midwestern Sanitation for periods prior to September 13, 2017, in accordance with the provisions of ERISA, the CBA, the Participation Agreement, the Trust Agreement, and the Confirmation Order (defined in paragraph 30 below).

29. On September 5, 2007, Midwestern Sanitation filed a Chapter 11 bankruptcy case in the United States Bankruptcy Court for the Eastern District of Michigan, Case No. 07-57635 (the "Bankruptcy Case").

30. On August 31, 2009, an order was entered in the Bankruptcy Case confirming Midwestern Sanitation's plan of reorganization (the "Confirmation Order").

31. The Confirmation Order, along with a subsequent stipulation between the parties, provided that Midwestern Sanitation owed the Pension Fund $1,419,446.70 in delinquent pension contributions and interest thereon, and that Midwestern Sanitation was required to pay that amount over time, at $6,333.33 per month, with interest running on the declining balance at the rate set forth in the Trust Agreement.

32. The Confirmation Order further provided that any claim or liability of Midwestern Sanitation to the Pension Fund would pass through the Bankruptcy Case, unaffected by the plan of reorganization, and would continue as unaltered.

33. Although Midwestern Sanitation made a number of the required monthly payments of $6,333.33 towards the delinquent contribution balance, Midwestern Sanitation breached the provisions of the Confirmation Order, ERISA, the CBA, and the Trust Agreement by failing to pay all of the required monthly installments.

34. Subsequent to the entry of the Confirmation Order and as permitted under the Trust Agreement, the Pension Fund audited Midwestern Sanitation's records to verify the accuracy and completeness of the employee work history reported to the Pension Fund by Midwestern Sanitation during the period of December 21, 2008 through September 27, 2014 (the "2009-2014 Audit").

35. The 2009-2014 Audit revealed that Midwestern Sanitation owed unpaid contributions to the Pension Fund in the amount of $171,565.80 (plus interest thereon) due to

Midwestern Sanitation's inaccurate reporting of its employee work history to the Pension Fund for the period of December 21, 2008 through September 27, 2014 (the "2009-2014 Audit Findings").

36. Additionally, based upon the employee work history reported to the Pension Fund by Midwestern Sanitation for the period of March 29, 2015 through July 29, 2017, Midwestern Sanitation also became delinquent to the Pension Fund for $118,709.05 in unpaid contributions (not including interest thereon) for the period of March 29, 2015 through July 29, 2017.

37. On January 10, 2017, the Pension Fund filed suit against Midwestern Sanitation in the United States District Court for the Northern District of Illinois in a case captioned *Central States, Southeast and Southwest Areas Pension Fund, et al. v. Midwestern Sanitation Company*, Case No. 17-cv-181, to collect: (a) the unpaid contributions (and interest due thereon) Midwestern Sanitation was required to remit to the Pension Fund pursuant to the Confirmation Order; (b) the 2009-2014 Audit Findings and associated audit fees and costs; (c) unpaid contributions (and interest due thereon) owed for the period of March 29, 2015 through November 26, 2016; and (d) the associated statutory damages and attorney's fees and costs (the "2017 Litigation").

38. While the 2017 Litigation was pending, the Pension Fund additionally audited Midwestern Sanitation's records for the period of September 28, 2014 through August 12, 2017 (the "2014-2017 Audit"). The 2014-2017 Audit revealed that Midwestern Sanitation owed additional unpaid contributions to the Pension Fund in the amount of $74,684.80 (plus interest thereon) due to Midwestern Sanitation's inaccurate reporting of its employee work history to the Pension Fund for the period of September 28, 2014 through August 12, 2017 (the "2014-2017 Audit Findings").

39. In October 2017, the parties executed an agreement in an attempt to secure Midwestern Sanitation's compliance with its past due contribution payment obligations. However,

to date, Midwestern Sanitation has not paid off the delinquency as it was required to do and has altogether ceased making payments towards its various contribution delinquencies.

40. Thus, Midwestern Sanitation has breached the provisions of the Confirmation Order, ERISA, the CBA, the Participation Agreement, and the Trust Agreement by failing to pay the outstanding balance of the delinquent contributions owed to the Pension Fund by Midwestern for the periods prior to September 13, 2017.

41. Despite demands that Midwestern Sanitation perform its statutory and contractual obligations with respect to making contributions to the Pension Fund, Midwestern Sanitation has neglected and refused to pay the amounts that are due as a consequence of the conduct set forth in paragraph 40.

42. Midwestern Sanitation owes the Pension Fund $1,355,284.15 for unpaid contributions (not including interest) for the periods prior to September 13, 2017, as a result of the conduct set forth in paragraph 40.

**WHEREFORE**, Plaintiffs Central States, Southeast and Southwest Area Pension Fund and Charles A. Whobrey, Trustee, request the following relief:

(a) A judgment against Defendant and in favor of Plaintiffs, pursuant to section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), for:

    (i) the unpaid contributions owed to the Pension Fund for periods prior to September 13, 2017;

    (ii) interest on the unpaid contributions computed and charged at the greater of: (a) an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth

      (15th) day of the month for which the interest is charged, *or* (b) an annualized interest rate of 7.5%;

   (iii) an amount equal to the greater of interest on the unpaid contributions or liquidated damages of 20% of the unpaid contributions; and

   (iv) attorneys' fees and costs;

 (b) Post-judgment interest computed and charged on the entire balance of the judgment at the greater of (i) an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which the interest is charged, *or* (ii) at an annualized interest rate of 7.5%, and with said interest to be compounded annually; and

 (c) Such further or different relief as this Court may deem proper and just.

<div align="center">

**COUNT III –
<u>WITHDRAWAL LIABILITY</u>**

</div>

 43. Plaintiffs hereby reallege and incorporate each and every allegation made in paragraphs 1 through 19 of this Complaint as though fully set forth herein.

 44. This Count III is brought to collect withdrawal liability owed to the Pension Fund by Midwestern Sanitation as a result of Midwestern Sanitation's withdrawal from the Pension Fund.

 45. The Pension Fund determined that on or about December 31, 2020, Midwestern Sanitation permanently ceased to have an obligation to contribute to the Pension Fund and/or permanently ceased all covered operations, thereby effecting a "complete withdrawal" from the Pension Fund within the meaning of section 4203 of ERISA, 29 U.S.C. § 1383.

46. As a result of this complete withdrawal, Midwestern Sanitation incurred withdrawal liability to the Pension Fund in the principal amount of $8,672,698.44, as determined under section 4201(b) of ERISA, 29 U.S.C. § 1381(b).

47. On or about March 19, 2021, Midwestern Sanitation received a notice and demand for payment of the withdrawal liability issued by the Pension Fund in accordance with sections 4202(2) and 4219(b)(1) of ERISA, 29 U.S.C. §§ 1382(2) and 1399(b)(1). In the notice and demand, the Pension Fund demanded full payment of the entire amount of the withdrawal liability by April 1, 2021, pursuant to section 4219(c)(5)(B) of ERISA, 29 U.S.C. § 1399(c)(5)(B), and Appendix E, §§ 5(e)(2)(E) and 5(e)(2)(F) of the Pension Fund's Plan. The amount demanded was $8,672,698.44, the balance owed at that time on the withdrawal liability.

48. Midwestern Sanitation did not timely request review of the withdrawal liability pursuant to section 4219(b)(2)(A) of ERISA, 29 U.S.C. § 1399(b)(2)(A), and therefore has waived the right to initiate arbitration pursuant to section 4221(a)(1) of ERISA, 29 U.S.C. § 1401(a)(1).

49. Midwestern Sanitation has failed to remit the required withdrawal liability payment to the Pension Fund.

**WHEREFORE**, Plaintiffs Central States, Southeast and Southwest Area Pension Fund and Charles A. Whobrey, Trustee, request the following relief:

(a) A judgment against Defendant and in favor of Plaintiffs, pursuant to sections 502(g)(2) and 4301(b) of ERISA, 29 U.S.C. §§ 1132(g)(2) and 1451(b), for:

    (i) the past due withdrawal liability payment in the amount of $8,672,698.44;

    (ii) interest computed and charged at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase

                Bank, NA for the fifteenth (15th) day of the month for which interest is charged;

        (iii)    an amount equal to the greater of interest on the past due withdrawal liability or liquidated damages of 20% of the past due withdrawal liability; and

        (iv)    attorneys' fees and costs.

    (b)    Post-judgment interest computed and charged on the entire judgment balance at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which the interest is charged, compounded annually; and

    (c)    Such further or different relief as this Court may deem proper and just.

                                                Respectfully submitted,

                                                */s/ Lois J. Yu*
                                                Lois J. Yu (ARDC #6321772)
                                                Central States Law Department
                                                8647 W. Higgins Road, 8th Floor
                                                Chicago, Illinois 60631
                                                (847) 939-2116
                                                lyu@centralstatesfunds.org

August 11, 2021